**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Criminal Case No.  11-CR-00215-MSK**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1.  MARCO ANTHONY VALDEZ,**

   **Defendant.**

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS
FOR ORDER OF DETENTION**

_____

**THIS MATTER** came before the Court for a Detention and Preliminary Hearing on October 2, 2013 on a Petition on Violation of Supervised Release and Warrant for Arrest of the Supervised Releasee.  Present were the following: Todd Norvell, Assistant United States Attorney, Ingrid Ault, counsel for the Defendant, the Defendant and Probation Officer Erika Hitti.

The Petition alleges four (4) violations of Supervised Release by the Defendant. During the hearing on October 2, 2013 the Court found that probable cause exists to believe that the Defendant violated one or more conditions of his release.

Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [defendant]."

In making my findings of fact, I have taken judicial notice of the information set forth in the Petition on Violation of Supervised Release, Petition for Modification of Probation, the Presentence Investigation Report and the Judgment in this matter along with the testimony presented at the Detention Hearing.

The Defendant's criminal history shows two (2) prior felony convictions. The first of which was attempted distribution of controlled substance which resulted in a probation revocation,

intensive probation was reinstated and his probation was subsequently revoked.  The second felony was felon in possession of a firearm for which he was placed on probation.  Subsequently, the Defendant tested positive for cocaine on July 6, 2012 and October 30 , 2012 and failed to participate in substance abuse testing on July 23, 2012, August 16, 2012, September 4, 2012, September 19, 2012, October 17, 2012, October 25, 2012 and November 1, 2012.  Again on June 30, 2013, July 7, 2013, July 28, 2013, August 13, 2013, August 16, 2013 and September 3, 2013 the Defendant failed to participate in substance abuse testing as ordered.  The Defendant failed to follow the instructions of the Probation Officer by failing to enroll in a random urinalysis program by June 7, 2013.  The Defendant associated with a person convicted of a felony on July 16, 2013.  The Defendant failed to report to the Probation Office as directed in August and September of 2013.

Therefore, I find that the Defendant has not met his burden of proof as to detention.

As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community.

**IT IS HEREBY ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

**IT IS FURTHER ORDERED** that the Defendant be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DATED and ENTERED** this 2nd day of October, 2013.

BY THE COURT:


s/David L. West
United States Magistrate Judge

2